UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR L. GAGE,<br><br>                              Petitioner,<br><br>         -against-<br><br>WARDEN, W.S. PLILER, OTISVILLE FCI,<br><br>                              Respondent. | 22-CV-4334 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated in the Federal Correction Institution, in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his sentence entered in *United States v. Gage*, No. 6:18-CR-0014 (E.D. Tex. Jan. 31, 2019). For the reasons set forth below, the Court recharacterizes the petition as a motion under 28 U.S.C. § 2255 and transfers this action to the United States Court of Appeals for the Fifth Circuit.

## BACKGROUND

In 2018, Petitioner pled guilty in the United States District Court for the Eastern District of Texas, to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and he was sentenced to 84 months of imprisonment, to be followed by three years of supervised release. *See Gage*, No. 6:18-CR-0014, ECF 37. Petitioner did not file a direct appeal.

Petitioner then challenged his conviction and sentence by filing a motion under Section 2255. The Eastern District of Texas denied that motion on the merits. *See Gage v. United States*, No. 6:19-CV-0191, 2021 WL 2349376 (E.D. Tex. June 8, 2021) (adopting report and recommendation). Petitioner then sought reconsideration of the denial under Rule 60(b)(1) of the Federal Rule of Civil Procedure, contending that his two previous Texas state-court convictions

for assault with bodily injury to a family member and aggravated assault, which were used to enhance his federal sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), no longer qualified as "crimes of violence" for enhancement purposes under *United States v. Greer*, 20 F.4th 1071 (5th Cir. 2021). *Gage*, No. 6:19-CV-0191, ECF 26. The Eastern District of Texas denied the motion for reconsideration, holding that: (1) because the Rule 60(b) motion involved substantive claims based on new caselaw, it must be construed as a second or successive Section 2255 motion; and (2) the court lacked subject matter jurisdiction to consider a second or successive motion without authorization from the Fifth Circuit. *Id.*, ECF 27.

In March 2022, Petitioner filed an application in the Fifth Circuit, seeking leave to file a second or successive Section 2255 motion, arguing that his Texas predicate offense of assault with bodily injury to a family member did not constitute a violent felony under the Supreme Court opinion in *Borden v. United States,* 141 S. Ct. 1817 (2021). The Fifth Circuit denied Petitioner leave, finding that *Borden* did not announce a new rule of constitutional law. *In re Anwar Lewis Gage*, No. 22-40113 (5th Cir. Apr. 5, 2022).

Here, Petitioner invokes 28 U.S.C. § 2241 and seeks resentencing, contending that, in light of the Supreme Court's holding in *Borden*, his Texas conviction of assault with bodily injury to a family member did not constitute a crime of violence, but was merely reckless conduct, and no longer qualifies as a predicate offense for the purposes of his enhanced sentence under the ACCA.[1] Petitioner further contends that he is "actually innocent of a violent conduct"

---

[1] In *Borden*, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. *Borden*, 141 S. Ct. at 1822. The Court specifically found that the ACCA's definition of "violent felony," as an offense requiring the "use of physical force against the person of another," does not include offenses criminalizing reckless conduct. *Id.* at 1823-25. Thus, the Court held that "[o]ffenses

2

and that Section 2255 is inadequate or ineffective to challenge the legality of his detention. (ECF 1, at 13.)

## DISCUSSION

**A.     Petitioner may not bring his claims under 28 U.S.C. § 2241**

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Under Section 2241, a federal prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Petitioner's claims – that his Texas conviction, which was used to enhance his sentence under the ACCA, no longer qualifies as a crime of violence, and therefore his sentence should be reduced – fall within the normal scope of a Section 2255 motion, but outside of the normal scope of a Section 2241 petition.

Petitioner argues that Section 2241 is nevertheless proper under the "savings clause" of Section 2255(e). In limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Section 2255 is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Accordingly, the savings clause authorizes a petition under

---

with a *mens rea* of recklessness do not qualify as violent felonies under ACCA. They do not require, as the ACCA does, the active employment of force against another person." *Id*. at 1834.

Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (internal quotations omitted)).

Petitioner fails to meet these two predicates for a challenge of his sentence under Section 2241. First, he cannot show that Section 2255 is unavailable. Petitioner argues that Section 2255 is unavailable because the Fifth Circuit, under the Antiterrorism and Effective Death Penalty Act's (AEDPA) gate-keeping requirements, has denied him permission to file a second or successive Section 2255 motion to raise his claim under *Borden*. (*See* ECF 1, at 11.) The Second Circuit, however, has held that Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original).

Petitioner is correct that he could not have raised his *Borden* claim in his first Section 2255 motion because *Borden* had not been decided at the time of those filings. Petitioner did, however, challenge in his first Section 2255 motion the use of his two Texas convictions as predicates to enhance his federal sentence. As he does here, he argued in his Section 2255 motion that his prior Texas conviction of assault with bodily injury to a family member did not constitute a "crime of violence." *See Gage v. United States*, No. 6:19-CV-0191, 2021 WL 2349342, at *5 (E.D. Tex. Mar. 26, 2021) (finding that Petitioner's "prior Texas conviction for Assault-Bodily

4

Injury-Family member constitutes a 'crime of violence' and, thus, was properly used to enhance his conviction"). Petitioner specifically raised the *Borden* issue in his application to the Fifth Circuit for leave to file a second or successive Section 2255 motion, and the Fifth Circuit denied him leave. *In re Anwar Lewis Gage*, No. 22-40113 (5th Cir. Apr. 5, 2022). The Fifth Circuit has determined that Petitioner cannot meet the AEDPA's gate-keeping requirements for second or successive Section 2255 motions. Under *Adams*, denial of a Section 2255 motion on this basis does not render the Section 2255 remedy unavailable within the meaning of the provision authorizing a Section 2241 petition. *See Adams*, 372 F. 3d at 135.

Second, even if Petitioner did have a viable basis for arguing that Section 2255 relief is unavailable to him, he does not allege that he is actually innocent, as that term is defined for the purposes of the savings clause. The "actual innocence" doctrine recognized in certain *habeas corpus* contexts is "narrow" and typically "concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992) (citation omitted). In the context of noncapital cases, such as here, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted). Further, a petitioner cannot simply claim that he is innocent of the sentencing enhancement but must show that he is innocent of the underlying crime's predicate offense. *See id.* at 380–82 (declining to apply actual innocence exception to claim of pure legal error in calculating number of predicate convictions as distinct from factual or legal innocence of predicate offenses); *see also Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (in Sentencing Guidelines case, explaining that defendant's "essentially legal argument that he is innocent of the sentencing enhancement because the district court misclassified his predicate offenses . . . is insufficient to trigger the actual innocence

5

exception"); *Norwood v. Williams*, No. 3:20-CV-0919 (MPS), 2021 WL 538099, at *5 (D. Conn. Feb. 15, 2021) (holding petitioner did not show actual innocence for purposes of Section 2255's savings clause when he argued that district court misclassified predicate offense).

Here, although Petitioner asserts "actual innocence," he does not argue that he is actually innocent of the predicate offenses that form the basis of his sentencing enhancement under the ACCA. He instead argues that, under *Borden*, his prior Texas conviction of assault with bodily injury to a family member did not constitute a "crime of violence" and no longer supports his sentencing enhancement, which is a claim of legal, not actual, innocence. *See, e.g.*, *Darby*, 508 F. App'x at 71. Petitioner fails to demonstrate that he is actually innocent of the predicate offenses used to enhanced his sentence.

Because Petitioner fails to show that Section 2255 is unavailable and that he is actually innocent of the offenses that were used to support his sentencing enhancement or of the crime of which he has been convicted, he may not challenge his conviction under Section 2241.

**B.     Transfer to the Fifth Circuit**

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255. A Section 2255 motion is second or successive when a previous Section 2255 motion was adjudicated on the merits. *Carrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Because Petitioner has already filed a Section 2255 motion that was decided on the merits, the Court recharacterizes the present Section 2241 petition as a second or successive Section 2255 motion. A court may recharacterize another submission as a second or successive Section 2255 motion without providing the litigant an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at 148.

Before a litigant may file a second or successive Section 2255 motion in a federal district court, authorization from the appropriate Court of Appeals is required. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has not indicated that he received authorization from a Court of Appeals to file this Section 2255 motion. Because second or successive Section 2255 motions should be transferred to the appropriate Court of Appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this motion to the Fifth Circuit, *see* 28 U.S.C. § 1631. Petitioner must request permission to pursue this motion from the Fifth Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive Section 2255 motion to the United States Court of Appeals for the Fifth Circuit. 28 U.S.C. § 1631. The Clerk of Court is directed to terminate all pending matters in this case. This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 12, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge